HILLIS *v.* RYAN.

Where the court decided that there were two hundred dollars in the hands of H., as school fund commissioner, belonging to R., and where the order of the court was presented to H., with a demand of payment, a refusal on his part would justify a mandamus, to compel performance.

Every failing demurrant has a right to plead over, upon such terms as the court may direct. To refuse such right unconditionally is erroneous.

*Appeal from Jones District Court.*

*Opinion by* GREENE, J.   Ira B. Ryan filed a petition in the court below for a peremptory writ of *mandamus* commanding Samuel E. Hillis, as school fund commissioner, to pay over to him the sum of two hundred dollars, which amount had been adjudged due to Ryan from the school fund at a previous term of court. To this petition defendant demurred, and the demurrer was overruled. The defendant then asked leave to withdraw the demurrer and answer over, but this was refused.

1st. It is objected that the court erred in overruling the demurrer, and thereby deciding that to pay a judgment obtained against the school fund commissioner is a duty resulting from his office. Code, § 2179. It is claimed that an execution and not a *mandamus* would have been the proper process. But the record shows that there was not such a record against Hillis as would authorize the issuing of an execution. The court merely decided that there were two hundred dollars in the hands of Hillis, as school fund commissioner, belonging to Ryan, and directed payment. When this order of court was presented to Hillis, with a demand of payment, a refusal on his part would justify a writ of *mandamus* to compel performance. We think, then, that the court did not err in overruling the demurrer.

2d. But we think the court did err in refusing defendant's application to "plead over." The Code, § 1755, declares

that "upon the determination of any demurrer, the failing party may amend or plead over, upon such terms as the court deems just," &c. Every failing demurrant has a right to plead over upon complying with the terms and general ruling of the court. But in this case the application was unconditionally refused. The defendant, it is true, could not have contradicted the judgment in his answer, but he might have pleaded payment, or a satisfaction of the order, subsequent to its rendition.

Judgment reversed.

*Cloud* and *O'Connor*, for appellants.

*I. M. Preston*, for appellee.

